**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| **STANLEY C. LOWICKI,** | ) | |
| | ) | |
| Appellant/Defendant, | ) | |
| | ) | |
| v. | ) | **C.A. No. CPU4-17-003452** |
| | ) | |
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| Appellee/Plaintiff. | ) | |
| | ) | |

Stanley C. Lowicki, Esq.
830 N. West Street
Wilmington, DE 19801
*Pro se Appellant*

Jordan A. Braunsberg, Esq.
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
*Attorney for the State of Delaware*

## MEMORANDUM ORDER

*Facts & Procedure*

This is an appeal from the Justice of the Peace Court ("JP Court") related to a red light civil violation. On May 18, 2017, a motor vehicle owned by Appellant, Stanley Lowicki ("Mr. Lowicki"), was photographed by a traffic camera driving through a red light on Route 72 at Kenmore Drive. Mr. Lowicki was charged with a civil violation under 21 *Del. C.* § 4101(d), in accordance with the Electronic Red Light Safety Program. Pursuant to § 4101(d)(7), Mr. Lowicki requested a hearing. On August 11, 2017, a hearing was held in the JP Court. According to the JP Court's Final Disposition, Mr. Lowicki was found responsible and required to pay the following:

Fine Amount: $75.00
Court Costs: $25.00
Court Security Fee: $10.00
Transportation Trust Fund: $37.50
State Police Fund: $7.50
Local Law Enforcement Fund: $7.50
Ambulance Fund: $10.00

The total amount due was $172.50, which Mr. Lowicki agreed to pay in monthly installments.

On August 25, 2017, Mr. Lowicki filed his *Notice of and Request for an Appeal* and *Statement Re Grounds And Request for Appeal* (collectively "Notice of Appeal") in this Court. In his Notice of Appeal, Mr. Lowicki argues that he has a right to *de novo* review by this Court. Mr. Lowicki asserts that the $75.00 fine, $25.00 court costs, and $10.00 administrative court security fee satisfies the jurisdictional requirement under § 4101(d)(12) that the "civil penalty" exceed $100.00. In addition, Mr. Lowicki argues that the State did not meet its burden of proof in the JP Court because it did not prove that he was the driver of the vehicle at the time it was photographed disregarding the traffic signal.

Because of the odd procedural posture of this appeal, the Court requested that the Department of Justice file an Answering Brief.[1] Specifically, the Court requested the State to address whether the Court of Common Pleas has jurisdiction over this action as well as the merits

---

[1] According to annotations on the JP Court's Final Disposition, Mr. Lowicki was informed "numerous times" that he could not appeal this red light violation; however, his appeal was eventually granted and sent to the Court of Common Pleas' Clerk's Office as a criminal appeal; however, this Court accepted the appeal as a civil appeal in accordance with 21 *Del. C.* § 4101. The Court agrees with the State that a plain reading of § 811 and § 708 is congruous with a plain reading of § 4101(d)(12). *Cf. Appeal of State v. Layton*, 2012 WL 387234, at *2 (Del. Com. Pl. Jan. 19, 2012). While § 811 refers to § 708 for the proper process of "civil penalties," and § 708 uses terms such as "convicted" and "sentence," the divergence is to be expected. This is because Chapter 7 concerns guidance for criminal appeals under Title 21. Based on this context, § 708 would be expected to use such terms. On the other hand, § 811's reference to § 708 is not an admonishment to accept § 708's process wholesale, but as guidance for the appealable right and bond requirements. Paragraph (d)(12) is simply an attempt to clarify the appropriate process for an appeal of a civil penalty under Title 21. *Compare City of Wilmington v. Minella*, 879 A.2d 656, 656, 660 (Del. Super. 2005) (noting that the "proceeding" in the Court of Common Pleas regarding "the traffic signal enforcement program" is civil), *with Santillo v. State*, 1985 WL 189243, at *1 (Del. Super. Aug. 9, 1985) (noting that section 708(b) applies to traffic *convictions* under Title 21).

2

of Mr. Lowicki's appeal.[2]  On October 17, 2017, the State filed its response.  Procedurally, the State argues that this Court does not have jurisdiction to hear this appeal because Mr. Lowicki's appellate right can only be triggered by a "Fine Amount" that exceeds $100.00.  It notes that § 4101(d)(3) distinguishes between "civil assessments," which make up the "Fine Amount," and "court costs and administrative fees," which are excluded.[3]  The State relies on the legislative history of § 4101 to support its interpretation,[4] as well as *Santillo v. State*, which excluded court costs and surcharges from the fine amount calculation.[5]  Regarding the merits of Mr. Lowicki's appeal, the State argues that the JP Court, as the trier of fact below, found Mr. Lowicki's sworn testimony—that he was not the driver of his ticketed vehicle—not credible.  The State asserts that such a finding is a fact-finder's prerogative.

On November 2, 2017, with the Court's allowance, Mr. Lowicki filed his Reply Brief.  Mr. Lowicki's brief mainly focuses on the merits of his appeal.  Regarding jurisdiction, Mr. Lowicki analyzes the word choices of § 4101.  Representing a profound decent into linguistics, he points out that paragraph (d)(3) uses the phrase "civil or administrative assessment" rather than the word "penalty," which is defined as the payment for "pain" according to its medieval Latin counterpart.  Accordingly, he argues that since § 4101(d)(12) allows "[a]dditional penalty assessments for late payments/response pursuant to paragraph (d)(3)" to be included in the calculation of the "civil penalty," and paragraph (d)(3) allows "Court costs or similar administrative fees" to also be "assessed against an owner," then paragraph (d)(12)'s language encompasses all "assessments" when calculating the "Fine Amount."

---

[2] For reasons discussed below, the Court will not address the latter question.
[3] *See* 21 *Del. C.* § 4101(d)(3).
[4] *See* Del. H.B. 100 syn., 143d Gen. Assem. (June 23, 2005).
[5] *See Santillo*, 1985 WL 189243, at *1.

3

*Discussion*

Mr. Lowicki's statutory interpretation is innovative, but is also a misguided attempt to circumvent the plain meaning of § 4101. Basic rules of statutory construction provide that "[i]f the statute as a whole is unambiguous and there is no reasonable doubt as to the meaning of the words used, the court's role is limited to an application of the literal meaning of those words."[6] Further, "[i]t is well-established that this court must give effect to a statute's plain meaning in order to implement the General Assembly's intent."[7]

Section 4101(d)(12) states, in relevant part,

> Any person found responsible for a civil traffic offense shall have a right of appeal only in those cases in which the civil penalty imposed exceeds $100. . . . *Additional penalty assessments for late payment/response* pursuant to paragraph (d)(3) of this section shall be included in determining the amount of the civil penalty for purposes of determining the right to an appeal.[8]

Relevant to the present matter, § 4101(d)(3) states:

> The owner or operator of a vehicle which has failed to comply with a traffic light signal, as evidenced by information obtained from a traffic light signal violation monitoring system, *shall be subject to a civil or administrative assessment* not to exceed $110; provided, however, that the city or county may provide for an *additional assessment* not to exceed $10 if the civil or administrative assessment is not paid within 20 days, which assessment may be increased to an amount not to exceed $20 if the assessment is not paid within 45 days, and may be increased to an amount not to exceed $30 if the assessment is not paid within 90 days. *Court costs or similar administrative fees* not to exceed $35 may also be assessed against an owner or operator who requests a hearing to contest the violation and is ultimately found or pleads responsible for the violation or who fails to pay or contest the violation in a timely manner. *No assessments and court costs other than those specified in this subsection may be imposed. . . .*[9]

---

[6] *In re Adoption of Swanson*, 623 A.2d 1095, 1096-97 (Del. 1993) (citing *Coastal Barge Corp. v. Coastal Zone Indus. Control Bd.*, 492 A.2d 1242, 1244 (Del. 1985)).
[7] *Nelson v. Best, Inc.*, 768 A.2d 473, 478 (Del. Ch. 2000).
[8] 21 *Del. C.* § 4101(d)(12) (emphasis added).
[9] 21 *Del. C.* § 4101(d)(3) (emphasis added).

Based on a plain reading of § 4101, the "civil penalty" does not include court costs or "similar administrative fees." When § 4101(d)(12) and § 4101(d)(3) are read in conjunction, there are no ambiguities. Paragraph (d)(12) requires the "civil penalty imposed to exceed $100."[10] The civil penalty calculation includes "additional penalty assessments for late payment/response."[11] These "penalty assessments" are solely the late fees outlined in paragraph (d)(3).[12] Section 4101(d)(3) uses the phrase "civil or administrative assessment" to refer to a "civil penalty."[13] Paragraph (d)(3) states that the total amount of the "civil or administrative assessment" (a.k.a. "civil penalty") cannot exceed $110.00.[14] The paragraph continues, however, and notes that this $110.00 limit can increase if the owner and/or operator of the vehicle fails to pay the civil penalty on time.[15] Paragraph (d)(3) uses the phrase "additional assessment" to refer to this late fee increase.[16] After detailing the varying late fee charges, paragraph (d)(3) notes that an owner and/or operator who contests the "violation" can be charged for "[c]ourt costs or similar administrative fees."[17] The paragraph then states, "[n]o assessments and court costs other than those specified in this subsection may be imposed."[18]

In the Court's view, Mr. Lowicki's argument that paragraph (d)(12)'s language of "[a]dditional penalty assessments for late payment/response" includes court costs and administrative costs in the "civil penalty" calculation does not accord with a plain reading of §

---

[10] 21 *Del. C.* § 4101(d)(12). The Court notes that the "Notice of Civil Violation," which was issued by the Delaware State Police Electronic Red Light Safety Program, required Mr. Lowicki to pay a "Fine Amount" of $112.50, "Ambulance Company Fund Amount" of $10.00, and "Fund to Combat Violent Crimes Amount" of $15.00. However, § 4101 determines this Court's jurisdiction over the appeal based on the "civil penalty *imposed*." 21 *Del. C.* § 4101(d)(12) (emphasis added). Therefore, the fact that the fine amount as ticketed exceeds the jurisdictional threshold is of no moment. The Justice of the Peace Court did not *impose* a "Fine Amount" that exceeded $100.00.
[11] *See id.*
[12] *See id.*
[13] 21 *Del. C.* § 4101(d)(3).
[14] *See id.*
[15] *See id.*
[16] *See id.*
[17] *See id.*
[18] *See id.*

4101.[19] To the contrary, paragraph (d)(3) specifically separates the phrases "civil or administrative assessment" and "Court costs or similar administrative fees."[20] Additionally, in the legislative history, the legislature expressly refers to the civil penalty as an "assessment."[21] Thus, there is no confusion in the statutory language or legislative history; the jurisdictional amount does not include court costs or administrative fees. The delineation between "penalty/assessment" and "court costs/similar administrative fees" in § 4101, is clear.[22] Perhaps Mr. Lowicki's confusion lies in § 4101's use of "civil penalty" and "additional penalty assessments" in paragraph (d)(12) and "civil or administrative assessment" and "additional assessment" in paragraph (d)(3).[23] Yet, § 4101(d)(3) never uses the term *assessment* to refer to court costs or administrative fees.[24] Therefore, paragraph (d)(12)'s descriptor for late fees—"additional penalty assessments"—cannot refer to court costs in paragraph (d)(3).

In summary, based on the statutory language, the "civil penalty" is calculated based on the "Fine Amount," which is comprised of the monetary amount for violating the law and any late fees incurred for failure to pay the former amount in a timely manner.

---

[19] 21 *Del. C.* § 4101(d)(12).

[20] 21 *Del. C.* § 4101(d)(3).

[21] Del. H.B. 100 syn., 143d Gen. Assem. (June 23, 2005) ("no appeal of these minor civil cases unless the total assessment exceeds $100 (which is consistent with the appeal rights for other traffic offenses)").

[22] *See Santillo*, 1985 WL 189243, at *1 (analyzing section 708 and stating, "[t]he Justice of the Peace apparently did not fully explain that the total amount of the fine, itself, had to be $100.00, excluding Court costs and statutory surcharge to the Victim Compensation Fund."); *accord Szucs v. State*, 284 A.2d 291, 291 (Del. 1971) (distinguishing between the appealable fine amount and court costs).

[23] *See* 21 *Del. C.* § 4101(d)(3), (d)(12).

[24] Despite this fact, language uniformity across these two paragraphs would have been preferred.

### *Conclusion*

For the reasons discussed above, Mr. Lowicki's Appeal is **DISMISSED with prejudice**. The Court does not have jurisdiction to hear Mr. Lowicki's appeal. The civil penalty in this case does not exceed $100.00, as required by 21 *Del. C.* § 4101(d)(12).

**IT IS SO ORDERED** this 7th day of December, 2017.

Sheldon K. Rennie,
Judge

cc:     Ms. Tamu White, Chief Civil Clerk